UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
:
BENJAMIN MADDEN
and SEAN FLANAGAN,                          :

        Plaintiffs,                  :   INDEX NO.: 08 CV 5163

   -against-                              :   **DEFENDANT'S ANSWER**

READER'S DIGEST ASSOCIATION INC.            :
SEVERANCE PLAN,

        Defendant.                   :

                                                     :
------------------------------------------X

The Reader's Digest Association Inc. Severance Plan (the "Plan"),[1] by and through its attorneys, McDermott Will & Emery LLP, answers the Complaint (the "Complaint") of plaintiffs Benjamin Madden ("Plaintiff Madden") and Sean Flanagan ("Plaintiff Flanagan") (collectively referred to herein as the "Plaintiffs"), as follows:

## THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 concerning Plaintiff Madden's residency.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 concerning Plaintiff Flanagan's residency.

3. Avers that the allegations contained in Paragraph 3 of the Complaint state a legal conclusion, to which no response is required, and admits that the Plan is sponsored by The

---

[1] Plaintiffs incorrectly refer to Defendant as Reader's Digest Association Inc. Severance Plan. The correct legal name is The Reader's Digest Association, Inc. Severance Plan.

Reader's Digest Association, Inc. ("Reader's Digest") and that Reader's Digest's principal offices are located in Pleasantville, New York.

## VENUE AND JURISDICTION

4. Avers that the allegations contained in Paragraph 4 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 4 contains factual allegations, Defendant admits that Plaintiffs allege that jurisdiction is proper pursuant to 28 U.S.C. § 1331.

5. Avers that the allegations contained in Paragraph 5 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 5 contains factual allegations, Defendant admits that Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) and that Defendant is an employee benefit plan sponsored by an employer located in this district.

## FACTUAL BACKGROUND

6. Admits each and every allegation contained in Paragraph 6 of the Complaint.

7. Admits each and every allegation contained in Paragraph 7 of the Complaint.

8. Avers that the allegations contained in Paragraph 8 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 8 contains factual allegations, Defendant admits that Reader's Digest employees, at all relevant times, were covered by the Plan.

9. Admits that severance benefits are calculated pursuant to a formula set forth in the Plan, and avers that the allegations regarding the calculation of a severance for Madden is a legal conclusion to which no response is required. Answering further, Defendant refers the Court to the Plan for its legal content, meaning and effect.

10. Admits that severance benefits are calculated pursuant to a formula set forth in the Plan, and avers that the allegations regarding the calculation of a severance for Flanagan is a legal conclusion to which no response is required. Answering further, Defendant refers the Court to the Plan for its legal content, meaning and effect.

11. Admits each and every allegation contained in Paragraph 11 of the Complaint. Answering further, Defendant refers the Court to the Plan for its legal content, meaning and effect.

12. Admits each and every allegation contained in Paragraph 12 of the Complaint.

13. Admits each and every allegation contained in Paragraph 13 of the Complaint, and avers that Plaintiffs were terminated because they refused to commit to their jobs without significant changes to their compensation, benefits and titles and their conduct demonstrated an unwillingness to handle assigned tasks and amounted to conduct detrimental to the interests of Reader's Digest.

14. Avers that the allegations contained in Paragraph 14 of the Complaint set forth a legal conclusion to which no response is required, except deny knowledge or information sufficient to form a belief regarding whether Plaintiffs currently deny making the alleged statements. Notwithstanding the foregoing, to the extent Paragraph 14 contains factual allegations related to the import of the statements, Defendant denies each and every allegation contained in Paragraph 14 of the Complaint. Answering further, Defendant avers that Plaintiffs admitted making these statements prior to their terminations and that the statements reasonably were interpreted to demonstrate an unwillingness to handle assigned tasks and amounted to conduct detrimental to the interests of Reader's Digest.

15. Avers that the allegations contained in Paragraph 15 of the Complaint set forth a legal conclusion to which no response is required, except denies knowledge or information sufficient to form a belief regarding what Plaintiffs understood to be the context of their statements. Notwithstanding the foregoing, to the extent Paragraph 15 contains factual allegations, Defendant denies each and every allegation contained in Paragraph 15 of the Complaint. Answering further, Defendant avers that Plaintiffs' statements reasonably were construed as an unwillingness to handle assigned tasks and amounted to conduct detrimental to the interests of Reader's Digest, rendering them ineligible for severance benefits under the Plan and Separation Policy.

16. Avers that the allegations contained in Paragraph 16 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 16 contains factual allegations, Defendant denies each and every allegation contained in Paragraph 16 of the Complaint. Answering further, Defendant avers that Madden's statements reasonably were construed as an unwillingness to handle assigned tasks and amounted to conduct detrimental to the interests of Reader's Digest, rendering him ineligible for severance benefits under the Plan and Separation Policy.

17. Avers that the allegations contained in Paragraph 17 of the Complaint set forth a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent Paragraph 17 contains factual allegations, Defendant denies each and every allegation contained in Paragraph 17 of the Complaint. Answering further, Defendant avers that Plaintiffs' statements reasonably were construed as an unwillingness to handle assigned tasks and amounted to conduct detrimental to the interests of Reader's Digest, rendering them ineligible for severance benefits under the Plan and Separation Policy.

18.     Admits each and every allegation contained in Paragraph 18 of the Complaint.

19.     Admits each and every allegation contained in Paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in Paragraph 20 of the Complaint, and avers that Ms. Cribari concluded that, even after being informed that their demands were not being met, Plaintiffs continued to assert that they would not perform their job functions and/or would leave the company if their demands for additional compensation and changes in their benefits and titles were not met.

21.     Admits each and every allegation contained in Paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in Paragraph 22 of the Complaint, and avers that Ms. Cribari correctly considered Plaintiffs' appeals and, by letters dated September 26, 2007, denied the appeals and upheld the June 2007 determinations denying the Plaintiffs' severance pay because Plaintiffs did not provide her with any additional information to review or consider that supported their claims.

**CLAIM FOR RELIEF**
**AS AND FOR THE FIRST CAUSE OF ACTION**
**(Violation of ERISA 29 U.S.C. §1132)**

23.     Incorporates the responses made to Paragraphs 1-22 of the Complaint as if fully set forth herein.

24.     Denies each and every allegation contained in Paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in Paragraph 25 of the Complaint.

**PRAYER FOR RELIEF**

26.     Denies that Plaintiffs are entitled to the relief requested in the Wherefore clause of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.  Plaintiffs fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.  Plaintiffs' alleged damages are barred to the extent they exceed the relief available under any statute made the basis of this lawsuit.

WHEREFORE, Defendant Reader's Digest Association Inc. Severance Plan seeks judgment against Plaintiffs Benjamin Madden and Sean Flanagan:

(a)  Dismissing the entire Complaint with prejudice;

(b)  Awarding Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

(c)  Awarding Defendant such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 7, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: *[signature]*
Terri L. Chase (TC 9091)
Nadine M. Gomes Williams (NW 3319)

340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant
The Reader's Digest Association Inc.
Severance Plan*

NYK 1166209-2.039383.0010